**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE ESTATE OF WILLIAM D. JOYCE, BEVERLY J. JOYCE, and MICHELLE JOHNSON, | Civil Action No. 19-12963 (SDW) (LDW) |
| Plaintiffs, | **OPINION** |
| v. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, and JOHN DOES I-X, | November 19, 2020 |
| Defendants. | |

**WIGENTON,** District Judge.

Before this Court is Plaintiffs Beverly J. Joyce, Michelle Johnson, and the Estate of William D. Joyce's (collectively, "Plaintiffs") Motion to Dismiss Defendants Federal National Mortgage Association and Nationstar Mortgage Association LLC's (d/b/a Mr. Cooper) (collectively, "Defendants") Counterclaims, for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. §1367(a). Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Plaintiffs' Motion to Dismiss is **GRANTED in part** and **DENIED in part**.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

---

[1] The Court summarizes the allegations in Defendants' Counterclaims.  (*See* D.E. 27.)   All pincites to Docket Entry Number 27 are to paragraphs contained in Defendants' Counterclaims beginning on CM/ECF page 22.

1

Defendants allege that in November 2009, William D. Joyce and Beverly J. Joyce (together, the "Borrowers") purchased real property located in Jersey City, New Jersey (the "Property") using a $504,000 loan (the "Loan") memorialized by a promissory note. (D.E. 27 at ¶ 1.) The Borrowers, together with their daughter, Michelle Johnson (collectively, "Mortgagors"), secured the Loan with a mortgage.[2] (*Id.*) Defendant Federal National Mortgage Association ("Fannie Mae") has been the owner of the Loan since December 2009, and the current servicer of the Loan is Nationstar Mortgage LLC (d/b/a/ Mr. Cooper) ("Nationstar"). (*Id.* ¶¶ 5–6.) Previously, Seterus, Inc. ("Seterus") acted as the Loan's servicer from January 2014 until it merged with Nationstar in February 2019. (*Id.* ¶ 6.)

In November 2018, Mortgagors, Fannie Mae, and Seterus entered into a confidential settlement agreement ("Settlement") as a result of prior litigation regarding the Loan. (*Id.* ¶¶ 7–8, 13.) The Settlement set forth material terms to be included in a modification of the Loan, including: (i) a modified principal Loan balance of $468,256.83, (ii) a modified interest rate of 4.25%, and (iii) a modified term of forty years, with the first payment due on November 1, 2018. (*Id.* ¶ 9.) Furthermore, a balloon payment of $42,500 would be due when the Loan matured. (*Id.*)

Following execution of the Settlement, Borrowers signed a loan modification agreement ("First Modification"). (*Id.* ¶ 18.) The First Modification generally reflected the terms contained in the Settlement, except the "Interest Bearing Principal Balance" was $425,756.83, rather than $468,256.83. (*Id.* ¶ 14.) Defendants claim that they erroneously subtracted the $42,500 balloon payment from $468,256.83, and consequently understated the "Interest Bearing Principal Balance" as well as the "New Principal Balance" in the First Modification. (*Id.* ¶¶ 14, 17.) As a result of

---

[2] In April 2020, William D. Joyce passed away, thus his interest in the Loan is held by his Estate. (D.E. 27 at ¶ 4.) Defendants allege that Michelle Johnson had power of attorney over her father, currently has power of attorney over her mother, and partook in and/or was responsible for her parents' financial decisions dating as far back as November 28, 2007. (*Id.* ¶¶ 3–4.)

the error, Defendants ultimately allege that the terms in the First Modification differed from the figures set forth and agreed to in the Settlement. (*Id.* ¶¶ 14–15.)

When Seterus became aware of the error, it provided Borrowers with a corrected version ("Corrected Modification") for signature pursuant to Paragraph 9(f) of the First Modification.[3] (*Id.* ¶¶ 18–19.) Borrowers refused to sign the Corrected Modification agreement and the Mortgagors initiated the instant action against Defendants for alleged breach of contract, among other federal and common law claims. (*Id.* ¶¶ 22–23; *see generally* D.E. 25.) Defendants filed Counterclaims for breach of the Settlement (Count I) and breach of the implied covenant of good faith and fair dealing (Count II). (D.E. 27 at ¶¶ 24–49.) Plaintiffs moved to dismiss Defendants' Counterclaims pursuant to Rule 12(b)(6), and the motion was fully briefed. (D.E. 30, 34-3, 36.)

## II. LEGAL STANDARD

Rule 8(a)(2) requires a complaint to set forth a "short and plain statement of the claim showing that a pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleading standard under Rule 8 requires "more than an unadorned, the defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A motion to dismiss a counterclaim is properly evaluated under the familiar 12(b)(6)

---

[3] Paragraph 9(f) of the First Modification states:

> Borrower will execute other documents as may be reasonably necessary to correct an error (including but not limited to any inaccuracy, mistake or omission), if an error is detected after execution of this Agreement. In the event an error is detected, a corrected Agreement will be provided to Borrower, and this Agreement will be void and of no legal effect, upon notice of such error . . . .

(D.E. 27 at ¶ 18.)

standard." *Malibu Media, LLC v. Lee*, No. 12-3900, 2013 WL 2252650, at *3 (D.N.J. May 22, 2013).  For the purposes of a Rule 12(b)(6) motion to dismiss, "the facts alleged in the counterclaim-complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff." *Fresenius Kabi USA, LLC v. Fera Pharms., LLC*, No. 15-3654, 2017 WL 2213123, at *2 (D.N.J. May 19, 2017) (citing *N.J. Carpenters & the Trustees Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014)).  A counterclaim-complaint "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (internal quotation marks omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (discussing the standard for a 12(b)(6) motion to dismiss).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678.  In ruling on a motion to dismiss, a court may consider a "document integral to or explicitly relied upon in the complaint . . . without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citations omitted).

### III.  DISCUSSION

#### A.  Breach of Contract

To state a claim for breach of contract under New Jersey law, Defendants must allege "(1) a contract between the two parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007) (citation committed).  Here, Defendants adequately allege (1) the existence of a contract by way of the Settlement, and (2) a purported breach of the Settlement from Plaintiffs' alleged refusal to sign the Corrected Modification.  (D.E. 27 ¶¶ 25, 32.)

Under the third element, Defendants allege that they have been damaged, "at minimum" by the costs they incurred from defending the instant lawsuit initiated by Plaintiffs. (D.E. 27 at ¶¶ 36, 49.) New Jersey and federal courts follow the "American Rule," which provides that the parties are generally responsible for their own attorneys' fees. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *In re Estate of Lash*, 776 A.2d 765, 771 (N.J. 2001). However, "a prevailing party can recover those fees if they are expressly provided for by statute, court rule, or contract." *Packard–Bamberger & Co., Inc. v. Collier*, 771 A.2d 1194, 1202 (N.J. 2001); *Atl. City Assocs., LLC v. Carter & Burgess Consultants, Inc.*, No. 05-3227, 2010 WL 1371938, at *3 (D.N.J. Mar. 31, 2010).

Plaintiffs argue, and this Court agrees, that Defendants alleged attorneys' fees do not fall under any exception to the American Rule. (*See* D.E. 30 at 12–13.) For example, Defendants' breach of contract counterclaim does not provide a statutory basis to recover attorneys' fees. Similarly, Defendants' attorneys' fees do not fall under any court rule. (*See* N.J. Ct. R. 4:42–9.) Nor does the Settlement contain a provision providing for attorneys' fees in the event of litigation. (*See* D.E. 30-2; *see also Am. Rubber & Metal Hose Co. v. Strahman Valves, Inc.*, No. 11-1279, 2011 WL 3022243, at *9 (D.N.J. July 22, 2011) (dismissing claim for attorneys' fees because the claimant failed to assert or demonstrate where an agreement provided for such fees). Significantly, Defendants fail to address whether their alleged damages fall under a recognized exception to the American Rule, nor do they cite case law supporting their position that Plaintiffs' argument under the American Rule is a red herring. (*See generally* D.E. 34-3.) Although Defendants allege that they were damaged "at minimum" by costs incurred to defend this action, any purported damages beyond attorneys' fees are ambiguous in the pleading. *See Ashcroft*, 556 U.S. at 678. Accordingly,

5

because Defendants fail to allege a clear basis for damages apart from their attorneys' fees, Plaintiffs' Motion to Dismiss Count I is **GRANTED**.

### B. Breach of the Implied Covenant of Good Faith and Fair Dealing

Lastly, Plaintiffs assert that Defendants' counterclaim for breach of the implied covenant of good faith and fair dealing is duplicative of and cannot co-exist with their counterclaim for breach of contract. (D.E. 30 at 20–21.) For the reasons previously discussed, however, Defendants cannot maintain their breach of contract counterclaim. Thus, because Plaintiffs fail to assert an alternative basis for dismissal of Defendants' counterclaim for breach of the implied covenant of good faith and fair dealing, Plaintiffs' Motion to Dismiss Count II is **DENIED**.[4]

### IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Dismiss is **GRANTED in part** and **DENIED in part**. An appropriate order follows.

                                              /s/ Susan D. Wigenton
                                         **SUSAN D. WIGENTON, U.S.D.J.**

Orig:       Clerk
cc:         Leda D. Wettre, U.S.M.J.
              Parties

---

[4] Although Plaintiffs argue that there is no factual basis to conclude that they acted in bad faith, the Court declines to engage in premature factual determinations at the motion to dismiss stage. Moreover, the Court will not treat the instant motion to dismiss as a motion for judgment on the pleadings because Plaintiffs requested dismissal pursuant to Rule 12(h)(2) only after Defendants filed an opposition. *See Millner v. Bayada Nurses, Inc.*, No. 05-3164, 2006 WL 231993, at *4 (D.N.J. Jan. 30, 2006) ("Although [d]efendant may be permitted to raise new arguments in a [r]eply when necessary to rebut an [o]pposition, [d]efendant cannot raise entirely new grounds for dismissal when it had ample opportunity to do so in the initial motion.") (citing *CIBC World Markets, Inc. v. Deutsche Bank Sec., Inc.*, 309 F. Supp. 2d 637, 645 (D.N.J. 2004)).